

**Your Missouri Courts**

Search for Cases by:  Select Search Method...

Judicial Links  |  eFiling  |  Help  |  Contact Us  |  Print                                 Logon

## 13SL-AC00151 - BRENDA STEWART V I C SYSTEM INC

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Sort Date Entries: ● Descending ○ Ascending                    Display Options: All Entries

| | |
|---|---|
| **02/26/2013** | **Hearing Scheduled**<br>Scheduled For: 03/21/2013;  9:00 AM ;  JUDY PREDDY DRAPER;  St Louis County |
| **02/22/2013** | **Hearing Continued/Rescheduled**<br>Hearing Continued From: 02/28/2013;  9:00 AM Hearing |
| **01/24/2013** | **Summons Issued-Associate**<br>Document ID: 13-ADSM-1933, for I C SYSTEM INC.<br>**Hearing Scheduled**<br>Associated Entries: 02/22/2013 - Hearing Continued/Rescheduled<br>Scheduled For: 02/28/2013;  9:00 AM ;  JUDY PREDDY DRAPER;  St Louis County |
| **01/02/2013** | **Summ Req-Assc Pers Serv**<br>Request for Appointment of Special Process Server Filed.<br>**Confid Filing Info Sheet Filed**<br>DIV 41H<br>**Pet Filed in Associate Ct**<br>**Judge Assigned** |

Case.net Version 5.13.1.1                    Return to Top of Page                    Released 02/21/2013

EXHIBIT A



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JUDY PREDDY DRAPER | Case Number: 13SL-AC00151 | |
|---|---|---|
| Plaintiff/Petitioner:<br>BRENDA STEWART | Plaintiff's/Petitioner's Attorney/Address:<br>JAMES WINDSOR EASON<br>EASON & VOYTAS, LLC<br>ONE NORTH TAYLOR AVE.<br>ST. LOUIS, MO 63108<br>(314) 932-1066 | **RECEIVED**<br>FEB 01 2013<br>*TeaX* |
| | vs. | |
| Defendant/Respondent:<br>I C SYSTEM INC | Date, Time and Location of Court Appearance:<br>28-FEB-2013, 09:00 AM | |
| Nature of Suit:<br>AC Other Tort | DIVISION 41 H<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 | (Date File Stamp) |

### Associate Division Summons

The State of Missouri to:  I C SYSTEM INC

Alias:

120 SOUTH CENTRAL AVENUE
CT CORPORATION SYSTEM-SRV
CLAYTON, MO 63105

**COURT SEAL OF**

*[seal]*

**ST. LOUIS COUNTY**

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to Chapter 517 RSMo.  Should you have any questions regarding responsive pleadings in this case, you should consult an attorney.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

_____01/29/13_____
Date

*[signature]*
Clerk

Further Information:      AS

### Sheriff's or Server's Return

Note to serving officer:  Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name ) _____ (title).

☐ other_____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*     Subscribed and sworn to before me on _____ (date).

My commission expires: _____

_____
Date

_____
Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $   10.00 | |
| Mileage | $_____ | (____ miles @ $._____ per mile) |
| Total | $_____ | |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**IN THE CIRCUIT COURT**
**ST. LOUIS COUNTY**
**STATE OF MISSOURI**
**ASSOCIATE DIVISION**

| | |
|---|---|
| **BRENDA STEWART** )<br>Plaintiff, )<br> )<br>v. )<br> )<br>**I.C. SYSTEM, INC** )<br> )<br>Defendant. )<br> )<br>Serve Defendant at: )<br>CT Corporation System )<br>120 South Central Avenue )<br>Clayton, MO 63105 ) | Case No.<br><br>Division<br><br><br><br>**JURY TRIAL DEMANDED** |

<u>**PETITION**</u>

COMES NOW, Plaintiff, Brenda Stewart, and for her Petition states as follows:

<u>**INTRODUCTION**</u>

1.      This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2.      This is an action for statutory damages brought by an individual consumer for violations of the Telephone Consumer Protection Act of 1991("TCPA"), 47 USC 227 *et. seq.*

3.      Plaintiff demands a trial by jury on all issues so triable.

<u>**JURISDICTION**</u>

4.      This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d).

5.      This Court has jurisdiction of the TCPA claim under 47 USC 227 (3)(b).

1

## PARTIES

6.      Plaintiff is a natural person currently residing in St. Louis County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.  The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

7.      Defendant is a foreign corporation with its principal place of business in St. Paul, Minnesota.  The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

8.      Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendants are "debt collectors" as defined by the FDCPA. *15 USC 1692a (6)*.

## FACTS

9.      Defendant's collection activity of which Plaintiff complains occurred within the past twelve (12) months.

10.      In November of 2012, Plaintiff noticed that Defendant had made multiple negative reports on Plaintiff's credit.

11.      This was the first time that Plaintiff had heard of Defendant.

12.      Plaintiff called Defendant on that date to determine why Defendant had made its negative entries.

13.      During the call, Defendant admitted that it had not sent Plaintiff any written notices to a valid mailing address for Plaintiff.

14.      Plaintiff provided Defendant with her current mailing address.

15.      Defendant also admitted that it called Plaintiff's cellular phone fifty-four (54) times.

16.      Defendant also admitted that it called Plaintiff's home phone, but did not state how many times it called that number.

2

17.     Defendant further admitted that it called third parties to the debt.  Defendant admitted to calling the phone number 386-668-1779.  This is Plaintiff's parents' home phone number.

18.     Upon information and belief, Defendant revealed the existence of the debt in its calls to Plaintiff's parents' home.  At very least, Defendant had no reason to call that number. Defendant already had Plaintiff's own telephone numbers.

19.     Plaintiff, having had no written communication with Defendant and concerned about the amount of the alleged debt, requested validation of the debt.

20.     Defendant did not comply with Plaintiff's validation request.

21.     Throughout the call, Defendant repeatedly pressured Plaintiff to pay the alleged debt.

22.     Defendant suggested that Plaintiff ask family members for money or sell some of her personal possessions to pay the alleged debt; these payment "suggestions" were sarcastic and meant to insult and humiliate Plaintiff.

23.     Defendant made its payment demands and suggestions for payment even though it knew that Plaintiff disputed the amount and wanted validation of the debt, and despite the fact that Plaintiff's dispute period had not yet expired as per 15 U.S.C. § 1692g.

24.     At the end of the call, Defendant told Plaintiff that its negative entries on her credit would remain until she paid the alleged debt.  It made this threat to induce Plaintiff to pay, even though Defendant had previously admitted that it had not sent Plaintiff a written notice to her current mailing address.

25.     All of Defendant's above-described collection activity occurred within Plaintiff's statutory dispute period as provided by 15 U.S.C. § 1692g, because Defendant admitted that it had not yet sent Plaintiff its initial collection letter to her current address.  Thus, Plaintiff's thirty (30) day dispute period had not yet begun to toll.

26.     Defendant's above-described collection activity overshadowed Plaintiff's rights as provided by 15 U.S.C. § 1692g. Defendant's conduct caused Plaintiff to believe that she could not dispute the debt or obtain validation or verification of the same, or that any dispute or request for information would not be honored.

27.     All of Defendant's calls to Plaintiff's cellular telephone number were placed without Plaintiff's consent.

28.     Defendant's phone calls to Plaintiff's cellular phone were placed from Defendant's automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1), from the phone number that is registered to the Defendant.

29.     Specifically, Defendant's dialing system has the capacity to store, dial, and generate phone numbers such as Plaintiff's.

30.     Plaintiff was charged for the calls to her cellular phone.

31.     Plaintiff never entered into any agreement whereby she provided express consent for Defendant to place calls to her cellular phone with Defendant's automatic telephone dialing system.

32.     Plaintiff never entered into any agreement whereby she consented to arbitrate disputes between herself and Defendant.

33.     Defendant's collection attempts have caused Plaintiff to incur actual damages including but not limited to cellular telephone charges, anxiety, sleeplessness, and worry.

## COUNT I: VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

34.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

35.     In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

a.      Failing to provide to Plaintiff, within five (5) days of the initial communication, a written notice containing the information required by 15 U.S.C. § 1692g(a).

4

b.      Overshadowing Plaintiff's dispute, validation, and verification rights.  15 U.S.C. § 1692g.

c.      Contacting third parties to the debt not for the purpose of obtaining location information and without Plaintiff's consent.  15 U.S.C. § 1692b-c.

d.      Using deceptive, harassing, abusive, and unfair means to attempt to collect the alleged debt, including but not limited to making negative reports on Plaintiff's credit before sending a written collection notice to her current address, telling Plaintiff that her validation request must be in writing, making a large volume of calls with the intent to harass Plaintiff, and repeatedly demanding payment and making payment suggestions after Plaintiff stated that she could not pay that day.  15 U.S.C. § 1692d-f.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A.      Judgment that Defendant's conduct violated the FDCPA;

B.      Actual damages;

C.      Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

D.      For such other relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF THE TCPA

36.      Plaintiff re-alleges and incorporates by reference all prior paragraphs.

37.      In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, *47 USC 227 et. seq.*, including, but not limited to, the following:

a.      By placing non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff.  47 U.S.C. § 227(b) (1) (A) (iii).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

5

A.     Judgment that Defendant's conduct violated the TCPA;

B.     Actual damages;

C.     Statutory damages pursuant to 47 USC (b)(3); and

D.     For such other relief as the Court may deem just and proper.

**EASON & VOYTAS, LLC**

JAMES W. EASON, #57112
RICHARD A. VOYTAS, #52046
Eason & Voytas, LLC
One North Taylor Avenue
Phone: (314) 932-1066
Fax:     (314) 667-3161
Email: james.w.eason@gmail.com
       rickvoytas@gmail.com

6